13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Marco Antonio RENDON, Defendant-Appellant.
 Nos. 93-6033,[1] 93-6034.
 United States Court of Appeals, Tenth Circuit.
 Dec. 8, 1993.
 
 Before ANDERSON, GARTH,[2] and TACHA, Circuit Judges.
 
 ORDER AND JUDGMENT[3]
 
 1
 In these appeals, Leonel J. Mendoza challenges his sentence and Marco Antonio Rendon challenges his conviction and sentence for conspiracy to possess with intent to distribute and conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. 846. We exercise jurisdiction under 18 U.S.C. 3742(a)(2) and 28 U.S.C. 1291 and affirm.
 
 I. Mr. Mendoza's Argument
 
 2
 Mr. Mendoza contends that the district court erred in its calculation of the total quantity of drugs attributable to him under United States Sentencing Guidelines (U.S.S.G.) 2D1.1 because the court included the amounts involved in two non-negotiated and unconsummated cocaine transactions. We review the district court's factual finding concerning the quantity of drugs for which a defendant may be held accountable under a clearly erroneous standard. United States v. Bernaugh, 969 F.2d 858, 864 (10th Cir.1992). We will not disturb this finding "unless it has no support in the record or, after reviewing all the evidence, we are firmly convinced that an error has been made." Id.
 
 
 3
 In United States v. Reyes, 979 F.2d 1406, 1410 (10th Cir.1992), we held that before a defendant may be held accountable for drug quantities that are not the subject of a completed transaction, "the evidence must establish a negotiation, which at a minimum requires proof that [the d]efendant intended to participate in an additional illegal drug transaction." The record not only supports the district court's finding that Mr. Mendoza negotiated in one instance for the sale of an additional ounce and in another instance for the sale of an additional one-half kilo of cocaine, but also reveals that Mr. Mendoza intended to carry out the transactions and that he had the capability to produce the illicit drugs. Drug Enforcement Administration Special Agent Albert Laurita testified that after he purchased several grams of cocaine from Mr. Mendoza on July 14, 1992, he asked Mr. Mendoza when it would be possible to purchase an additional ounce of cocaine. Mr. Mendoza told him that this would be possible later that evening. Special Agent Laurita stated that, although the exchange did not occur due to funding problems, he believed that Mr. Mendoza could have provided him with the ounce of cocaine. Special Agent Laurita also testified that Greg Tims, a government informant, asked Mr. Mendoza about purchasing one-half kilo of cocaine. Mr. Mendoza told Tims that he would sell Tims one-half kilo for $5,500, giving Tims specific instructions regarding how the transaction would take place. This evidence and the record as a whole convince us that the district court did not err in attributing to Mr. Mendoza the quantity of drugs involved in the two negotiated cocaine transactions.
 
 II. Mr. Rendon's Arguments
 A. Sufficiency of the Evidence
 
 4
 Mr. Rendon asserts that there was insufficient evidence to convict him of conspiracy to possess with intent to distribute and conspiracy to distribute heroin and cocaine. We disagree.
 
 
 5
 "In evaluating a claim of insufficient evidence a court must view all the evidence, direct and circumstantial, as well as all reasonable inferences drawn therefrom, in the light most favorable to the government." United States v. Levario, 877 F.2d 1483, 1485 (10th Cir.1989) (footnote omitted). "As an appellate court, we are bound by the rule that the resolution of conflicting evidence and the assessment of the credibility of witnesses is within the sole discretion of the jury as the trier of fact." United States v. Richard, 969 F.2d 849, 856 (10th Cir.) (citation omitted), cert. denied, 113 S.Ct. 248 (1992). "The evidence supporting a conviction must be substantial, raising more than a mere suspicion of guilt, although the evidence can be wholly circumstantial." United States v. Williams, 923 F.2d 1397, 1402 (10th Cir.1990) (citation omitted), cert. denied, 111 S.Ct.2033 (1991). The evidence is sufficient if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1970)).
 
 
 6
 To establish a drug conspiracy offense against Mr. Rendon, the government had to "prove that two or more persons agreed to violate the law, that the defendant knew at least the essential objectives of the conspiracy, and that he knowingly and voluntarily became part of the conspiracy." Id. The government presented evidence which showed that Mr. Rendon conspired to distribute both heroin and cocaine in Dallas, Texas and Oklahoma City, Oklahoma. A search of Mr. Rendon's Dallas apartment revealed heroin, cocaine and documents with phone numbers that corresponded to the phone numbers of a coconspirator's apartment and a coconspirator's pager in Oklahoma City. Telephone records found at his Dallas apartment also indicated that long distance calls had been placed to Becky Drake, an unindicted, cooperating coconspirator who testified that Mr. Rendon had sold her cocaine and heroin on at least five occasions in the Dallas area and that he had expressed an interest in selling drugs in Oklahoma by questioning her about the Oklahoma City drug market. Viewing all the evidence in the light most favorable to the government, we conclude that a reasonable jury could have found Mr. Rendon guilty of conspiracy beyond a reasonable doubt. The jury's verdict is supported by sufficient evidence.
 
 B. Admission of Opinion Evidence
 
 7
 Oklahoma City Police Officer Phil Long testified at trial that, in his opinion, certain figures, initials and telephone numbers depicted in a loose leaf notebook and a spiral notebook found at Mr. Rendon's Dallas apartment were drug related. Officer Long also expressed his opinion that the amounts of heroin and cocaine discovered inside Mr. Rendon's apartment were "very much consistent with a distribution person." Mr. Rendon argues that Officer Long's testimony was inadmissible because it is tantamount to rendering an opinion on Mr. Rendon's mental state in violation of Fed.R.Evid. 704(b). We disagree.
 
 
 8
 "Rule 704(b) only prevents experts from expressly stating the final conclusion or inference as to a defendant's actual mental state. The rule does not prevent the expert from testifying to facts or opinions from which the jury could conclude or infer the defendant had the requisite mental state." Richard, 969 F.2d at 854-55. Here, Officer Long merely expressed his opinion that the evidence found in Mr. Rendon's Dallas apartment was drug related and consistent with the profile of an individual involved in drug distribution. Officer Long did not state a final conclusion or inference regarding Mr. Rendon's knowledge of, or intent to engage in, the conspiracy to distribute drugs. Thus, Officer Long's testimony was not prohibited by Rule 704(b), and the district court did not err in admitting it.
 
 C. Attributable Quantity of Drugs
 
 9
 Mr. Rendon finally asserts that the district court erred in determining the total quantity of drugs attributable to him. We review the district court's factual finding concerning the quantity of drugs for which a defendant may be held accountable under a clearly erroneous standard. Bernaugh, 969 F.2d at 864. We will not disturb this finding "unless it has no support in the record or, after reviewing all the evidence, we are firmly convinced that an error has been made." Id.
 
 
 10
 Mr. Rendon essentially argues that the district court improperly relied on the testimony of government witness Becky Drake in determining the quantity of drugs attributable to him. Mr. Rendon contends that Ms. Drake was unreliable as a result of her extensive criminal record, drug usage, and continued criminal activity. This argument is without merit. The district court specifically addressed this question and found Ms. Drake to be a credible witness. Based on our review of the record, we conclude that the district court did not err in determining the quantity of drugs attributable to Mr. Rendon.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of the appeal in case No. 93-6033, United States of America v. Marco Antonio Rendon. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 The Honorable Leonard I. Garth, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [3]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3